IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2025 NOV 26 P 12: 57
TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JOHN RAYMOND BOWER )
**Plaintiff** )
)  CIVIL ACTION NO.
)  1:25-cv-00938-ECM-KFP
)
)  JURY DEMAND: NO
HONORABLE HENRY T. REAGAN II, )
in his official capacity as Circuit Judge, )
Coffee County )
**Defendant** )

## EMERGENCY COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. Plaintiff address and telephone number: 136 Laurel Breeze Drive, Enterprise, Alabama 36330 and 334-861-9433

2. Defendant address and telephone number: Coffee County Courthouse, Enterprise, Alabama 36330, Home Address Unknown,

3. Place of alleged violation of civil rights: Coffee County, Alabama

4. Date of alleged violation of civil rights: 19 November 2025

5. State the facts on which you base your allegation that your constitutional rights have been violated

### INTRODUCTION AND JURISDICTION

This is a civil rights action seeking emergency relief under 42 U.S.C. § 1983 to enjoin a state actor, Defendant Judge Henry T. Reagan II, from enforcing a state court order that violates the First and Fourteenth Amendments by facilitating the permanent and irreversible expatriation of a U.S. citizen minor. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction).

### PARTIES AND STATEMENT OF FACTS

Plaintiff John Raymond Bower is the father.

Defendant Judge Henry T. Reagan II is sued in his Official Capacity Only (Ex\ parte\ Young.

The minor child, A.H.B. is a U.S. Citizen, born in Enterprise, Alabama. He does not speak Arabic.

A.H.B

~~Adam~~ is a lifelong U.S. resident, with his entire education at Hillcrest Elementary School in Enterprise.

On November 19, 2025, the Defendant Judge authorized Adam's permanent relocation to Saudi Arabia, a non-Hague Convention nation.

The state court's order relies on unconstitutional factors, stating the move would have a "positive impact on the child's ability to practice his Islamic Faith" and that he would "fit in better in a Muslim country."

The parents' Florida marriage (November 7, 2014) was never approved by the Saudi government. This fact, ignored by the state court, ensures the father will be deemed a legal stranger to his son under foreign law.

Attached Exhibit A: Final Divorce Order, 19 November 2025

Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Coffee County, Alabama.

## CONSTITUTIONAL CLAIMS AND CHALLENGE TO STATE COURT FINDINGS
## INTRODUCTION: CONSTITUTIONAL JURISDICTION

This is a civil rights action challenging the constitutionality of a state court order, not an appeal of its custody findings. This is a civil rights action brought under **42 U.S.C. § 1983** and the **Ex parte Young Doctrine** to enjoin a state actor from enforcing an order that constitutes a **continuing, irreparable violation of the U.S. Constitution**.

Request this Court answer the constitutional questions offered by the Plaintiff.

## I. DIRECT VIOLATION OF THE FIRST AMENDMENT (ESTABLISHMENT CLAUSE)

The Defendant Judge violated the **Establishment Clause** of the First Amendment by failing to maintain state neutrality and using a specific religious preference as a determinative factor for relocation.

- **Explicit Endorsement:** The court explicitly found that relocating the child to Saudi Arabia would have a **"positive impact on the child's ability to practice his Islamic Faith,"** that he would **"fit in better in a Muslim country,"** and that his **"spiritual needs will be better met in Saudi Arabia."**

- **Arbitrary Finding of Religious Need:** This finding is **arbitrary and unsupported by facts available in the community**. The local area, specifically **Fort Rucker**, provides **readily accessible Muslim prayer services (Jumuah) every Friday,** demonstrating the child's religious needs can be fully met without permanent expatriation.

- **Case Law Support:** Using religious preference over a secular, neutral assessment of the child's best interest constitutes an **unconstitutional endorsement of religion**, violating the state's duty of neutrality (*Lemon v. Kurtzman*).

## II. SUBSTANTIVE DUE PROCESS VIOLATION AND *DE FACTO* TERMINATION

The Defendant Judge's order constitutes a *de facto* termination of the Plaintiff's fundamental parental rights without the constitutionally required showing of parental unfitness, violating the **Substantive Due Process Clause** of the Fourteenth Amendment.

- **Absence of Unfitness Finding:** The court failed to find the Plaintiff **unfit**. The fundamental parental liberty interest protected by the Supreme Court (*Troxel v. Granville*) cannot be infringed absent a finding of **unfitness**.
- **Fault:** The order, which facilitates the **abolition of parental rights** in a non-Hague nation (Saudi Arabia) where the father is legally estranged, is the functional equivalent of terminating parental rights without a finding of unfitness.

## III. REBUTTAL TO TRIVIAL, IRRELEVANT, AND ERRONEOUS FACTUAL FINDINGS

The state court's reliance on irrelevant findings and **unproved premises** highlights the absence of a constitutional basis for its decision, underscoring its true reliance on the unconstitutional religious preference.

- **Unproved and Speculative Findings (Roots and Loneliness):** The court found the child had **"not established roots in Alabama"** and that his home life was **"lonely."**
    - **Direct Factual Contradiction:** This finding is **unproved, speculative, and factually erroneous**. Plaintiff contends that Adam was demonstrably **not lonely in America**, but was, in fact, **lonely during the temporary summer visits with his mother in Saudi Arabia**. The court failed to consider this critical fact, which demonstrates that the relocation will worsen, not remedy, the supposed "lonely life" it cited.
    - **Ignoring Protected Family Bonds:** The finding that the child has **"no friends... or other individuals"** is contradicted by the existence of his two half-brothers, niece, and cousins in Alabama. By basing the relocation on this flawed premise, the court arbitrarily severs the child's fundamental right to maintain these **protected family relationships** with his U.S. family unit.
- **Trivial and Irrelevant Findings:** Observations concerning the father's personal **"sleep schedule"**, minor **"home repairs"**, and the existence of an **"ongoing bug infestation"** (which was unproved by expert evidence) are subjective and insufficient to meet the constitutional threshold for infringing parental rights.

- **Factual Error:** The court's finding that the Plaintiff is **71 years old** is factually erroneous.
- **Conclusion:** The judge improperly substituted these trivial, unproved, and erroneous findings for the constitutional requirement of establishing unfitness, demonstrating the decision was driven by the unconstitutional religious preference.

## IV. PROCEDURAL DUE PROCESS AND CITIZENSHIP CLAUSE VIOLATION

The Defendant Judge violated the **Procedural Due Process Clause** and the rights protected by the **Citizenship Clause** by sanctioning the forced, involuntary expatriation of a U.S. citizen minor without investigating the legal effect of the order.

- Acknowledgement of Risk: The court explicitly found that because "Saudi Arabia is not a member of the Hague Convention and is not obligated to honor U.S. court orders," a "rebuttable presumption that relocation to Saudi Arabia is not in the best interest of the child" existed.
- Fault: The Judge rebutted this presumption solely based on the mother's subjective "sincere" testimony, which is legally and constitutionally insufficient to overcome the actual, permanent severance of U.S. legal protections and the loss of the child's constitutional rights the moment he leaves U.S. jurisdiction.
- Irreparable Harm: The order facilitating the involuntary expatriation of a U.S. citizen minor to a country that will not honor U.S. court orders constitutes immediate and irreparable injury (Elrod v. Burns).

### 6. Relief requested

### EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
### ARGUMENT FOR IMMEDIATE RELIEF (TRO FACTORS)

**Imminent and Irreparable Injury**: The loss of fundamental constitutional rights (parental liberty, due process, citizenship protection) is imminent and unrecoverable (Elrod v. Burns). The injury becomes irreparable the moment the child leaves U.S. jurisdiction.

**Likelihood of Success on the Merits:** Plaintiff is likely to succeed on the merits due to the clear **Establishment Clause violation** (basing custody on religious preference while ignoring accessible local services at Fort Rucker) and the severe **Substantive and**

**Procedural Due Process deprivation** (facilitating *de facto* termination of rights without a finding of unfitness and by arbitrarily severing the U.S. citizen child's family bonds).

**Balance of Equities**: The balance weighs decisively in Plaintiff's favor, as the permanent loss of constitutional rights and the destruction of the father-son bond far outweigh the mother's mere preference for foreign residence.

**Public Interest:** The public interest is served by upholding the U.S. Constitution and preventing state actors from facilitating the involuntary loss of citizenship and civil rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant and grant the following emergency and prospective relief:

An Immediate Temporary Restraining Order (TRO) and Preliminary Injunction be issued, enjoining the Defendant Judge, in his official capacity, from enforcing, or taking any action to enforce, the relocation provisions of the Final Judgment of Divorce.

An Order requiring the immediate delivery of the minor child ~~Adam~~ A.H.B.'s U.S. Passport to the custody of the U.S. Marshal's Service or the Court Clerk.

An Order directing the Court Clerk to immediately notify the Department of Homeland Security (DHS), Customs and Border Protection (CBP), and the Transportation Security Administration (TSA) to flag and prevent the exit of the minor child from the United States.

A Declaratory Judgment finding that the relocation provisions of the state court order violate the First and Fourteenth Amendments.

An award of attorneys' fees and costs, should Plaintiff retain counsel pursuant to 42 U.S.C. § 1988, or costs of suit to the Pro Se Plaintiff.

**Respectfully submitted, this 26th day of November, 2025.**

*/s/ John Raymond Bower*
John Raymond Bower, Pro Se
136 Laurel Breeze Drive, Enterprise, Alabama 36330
334-861-9433    sirbower@live.com