IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN RAYMOND BOWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:25-cv-938-ECM |
| | ) [WO] |
| HENRY T. REAGAN, II, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

On November 26, 2025, *pro se* Plaintiff John Raymond Bower ("Bower") filed this civil action against the Honorable Henry T. Reagan, II ("Judge Reagan"), in his official capacity as judge of the Circuit Court of Coffee County, Alabama, arising out of divorce and custody proceedings between Bower and his now-ex-wife and which involve their minor child, A.H.B. (the "minor child"). (Doc. 1).  On November 19, 2025, Judge Reagan entered a Final Judgment of Divorce awarding Bower and his ex-wife joint legal custody of the minor child and awarding the ex-wife sole physical custody. (Doc. 1-1 at 13).  Judge Reagan also determined that Bower's ex-wife should be permitted to relocate to Saudi Arabia with the minor child.

Bower's complaint in this Court seeks to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331.  He claims, pursuant to 42 U.S.C. § 1983, that Judge Reagan's Final Judgment of Divorce violates the First and Fourteenth Amendments to the

United States Constitution. His complaint seeks, among other things, an injunction prohibiting Judge Reagan from enforcing the provisions of the Final Judgment of Divorce which permit Bower's ex-wife to relocate to Saudi Arabia with the minor child, as well as a declaratory judgment that "the relocation provisions of the state court order violate the First and Fourteenth Amendments." (Doc. 1 at 5). Along with his complaint, Bower filed an emergency motion for temporary restraining order (doc. 2) and an emergency motion for preliminary injunction (doc. 4). Also pending before the Court is Bower's motion to expedite review of his emergency filings. (Doc. 8).

This Court has "an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020). After careful review, the Court concludes that Bower's claims are barred by the *Rooker-Feldman* doctrine,[1] and his complaint (doc. 1) is due to be dismissed without prejudice for lack of subject matter jurisdiction. Because the Court lacks subject matter jurisdiction, it cannot reach the merits of this case, including Bower's motions for injunctive relief (docs. 2, 4). Particularly in light of Bower's *pro se* status, the Court will afford him an opportunity to file an amended complaint which cures the jurisdictional defect set out in this Opinion.

## II. LEGAL STANDARD

"[S]tate court litigants do not have a right of appeal in the lower federal courts," and thus the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Behr v. Campbell*, 8 F.4th 1206, 1210–12 (11th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). When claims are barred under *Rooker-Feldman*, the federal district court lacks subject matter jurisdiction over those claims because "federal district courts are courts of original jurisdiction" and "generally cannot hear appeals." *Id.* at 1210. "[A]ppeals of state court judgments are barred under *Rooker-Feldman*, no matter how the claims are styled." *Id.* at 1211. "If the plaintiff's claim requires a district court to 'review' and 'reject' a state court judgment," then *Rooker-Feldman* bars the claim. *Efron v. Candelario*, 110 F.4th 1229, 1238 (11th Cir. 2024). This Court "follow[s] a claim-by-claim approach when determining whether *Rooker-Feldman* bars a plaintiff's claims from review in a federal district court." *Id.* at 1236; *see also Behr*, 8 F.4th at 1213 ("The question isn't whether the whole complaint seems to challenge a previous state court judgment, but whether resolution of each individual claim requires review and rejection of a state court judgment."). To decide whether *Rooker-Feldman* bars a claim, the Court must determine "whether the plaintiff seeks relief from an injury 'caused by the [state court] judgment itself' or whether he seeks damages for some independent source of injury." *Efron*, 110 F.4th at 1235–36 (quoting *Behr*, 8 F.4th at 1212). If the injury of which the plaintiff complains is the state court judgment itself, "then *Rooker-Feldman* applies." *Id.* at 1236.

### III. DISCUSSION

As indicated above, Bower's complaint relates to Judge Reagan's Final Judgment of Divorce, in which Bower's ex-wife was awarded sole physical custody of their minor child and was permitted to relocate with the child to Saudi Arabia. In a lengthy order analyzing seventeen factors required by state law, Judge Reagan determined that relocation was in the minor child's best interest. Among other findings, Judge Reagan found that relocation to Saudi Arabia "would have a positive impact on the child's ability to practice his [Muslim] faith" and that the child "would likely have a feeling that he 'fit in' better in Saudi Arabia." (Doc. 1-1 at 8).[2]

In his complaint in this Court, Bower claims that the Final Judgment of Divorce violates the First Amendment's Establishment Clause as well as his substantive and procedural due process rights. In the First Amendment claim, he alleges that the Final Judgment of Divorce relied upon a "specific religious preference as a determinative factor for relocation," which he says amounts to an unconstitutional endorsement of religion. (Doc. 1 at 2–3). In the substantive due process claim, he alleges that the Final Judgment of Divorce "constitutes a *de facto* termination of [his] parental rights without the constitutionally required showing of parental unfitness." (*Id.* at 3). In the procedural due process claim, he alleges that Judge Reagan violated his due process rights and the rights "protected by the Citizenship Clause by sanctioning the forced, involuntary expatriation of a U.S. citizen minor without investigating the legal effect of the order." (*Id.* at 4).

---

[2] According to the Final Judgment of Divorce, Bower and his ex-wife are both followers of the Muslim faith. (Doc. 1-1 at 8).

The Eleventh Circuit's decisions in *Behr* and *Efron*, both of which involved a state court order in a domestic relations case, are instructive here. In *Behr*, a father lost custody of two of his four children in state child custody proceedings. 8 F.4th at 1208–09. Believing that a group of individuals had conspired to deprive the father of custody, the father and his other two children (the "plaintiffs") sued numerous defendants in state court asserting various federal and state law claims. *Id.* at 1209. After the case was removed to federal court and the plaintiffs amended their complaint, the operative complaint alleged that the defendants had violated the plaintiffs' Fourth and Fourteenth Amendment rights and federal law, including by discriminating based on age, sex, disability, and religion. *Id.* Citing the *Rooker-Feldman* doctrine, the district court *sua sponte* dismissed the case for lack of subject matter jurisdiction, explaining that the plaintiffs' claims ultimately requested that the district court review the state court's determinations which caused two of the father's children to be removed from his custody. *Id.*

The Eleventh Circuit reversed the dismissal of the plaintiffs' Fourteenth Amendment due process claim, discrimination claim, and Fourth Amendment claim, concluding that none of them was barred under *Rooker-Feldman*. *Id.* at 1213. As to the due process claim, the court explained that, according to the plaintiffs, the due process violation "resulted 'from the use of falsified and/or coerced information as a basis for the proceedings and decisions'" and "the restriction of access to the courts and denial of adequate legal counsel." *Id.* The plaintiffs did not seek to "undo the state court's child custody decision" but instead sought "money damages for constitutional violations." *Id.* Thus, the court explained, the plaintiffs were "not raising these due process claims so that

5

[the court] can 'review and reject' the state court's child custody judgment," which *would* violate *Rooker-Feldman*. *Id.* Rather, the plaintiffs asked the court to consider "whether their constitutional rights were violated during the proceedings and whether they [were] entitled to damages for those violations," a claim which "f[ell] outside *Rooker-Feldman*'s boundaries." *Id.* As to the discrimination claim, the father asserted that "several government entities discriminated against him because of his age by 'continually bringing up the age difference between [him] and [his ex-wife] on the record and documents' during the child custody proceedings." *Id.* (second alteration in original). The court concluded that this claim also fell outside *Rooker-Feldman* because it sought "relief for violations that happened during the state processes, not rejection of the state court judgment." *Id.* Finally, as to the Fourth Amendment claim, the plaintiffs asserted that numerous individuals and entities "entered [the father's] home without permission and under false pretenses." *Id.* The court concluded that this claim also fell outside *Rooker-Feldman* because it had "no connection at all to an underlying state court judgment," and even if it did, the plaintiffs "ask[ed] only for damages for this claim" and did not seek to "appeal or undo a state court judgment." *Id.*

By contrast, the *Efron* court concluded that an aggrieved ex-husband's claims arising out of state court decisions regarding marital asset distribution were barred by *Rooker-Feldman*. 110 F.4th 1229. In *Efron*, during divorce litigation in Puerto Rico, the plaintiff husband was ordered to pay his wife $50,000 per month as an advance towards the marital asset distribution, but the payments stopped when the divorce was finalized. *Id.* at 1232. At some point, the plaintiff's now-ex-wife began a romantic relationship with a

Puerto Rico Court of Appeals Judge, Judge Cordero. *Id.* The ex-wife later sought to have the $50,000 payments resume and apply retroactively, and her request was granted by the Puerto Rico Court of Appeals in a panel opinion authored by Judge Aponte (hereinafter "the Aponte decision"). *Id.* at 1233. The plaintiff asserted that, while his marital property litigation was pending, his ex-wife, ex-wife's attorney, Judge Cordero, and Judge Aponte "met and agreed to a quid pro quo": Judge Cordero would make sure that Judge Aponte's brother was acquitted of then-pending public corruption charges, and in exchange, Judge Aponte would rule in the ex-wife's favor on her motion to reinstate the $50,000 monthly payments. *Id.* The plaintiff sued in federal district court, asserting, as relevant here, claims pursuant to § 1983 that his procedural due process rights had been violated and that the defendants had conspired to deprive him of his civil rights. *Id.* In his complaint, the plaintiff asserted that, "until his due process rights 'are restored by the abrogation of the Aponte decision, [his ex-wife] and [her attorney] [would] continue to have free reign to use the corrupt orders in that case to enlist the courts of Florida and Puerto Rico as unwitting co-conspirators in their illegal scheme." *Id.* The district court dismissed the plaintiff's complaint, concluding that *Rooker-Feldman* barred the claims. *Id.* at 1234.

The Eleventh Circuit affirmed, concluding that the plaintiff's claims were barred under *Rooker-Feldman*. *Id.* at 1232. Regarding the procedural due process claim, the plaintiff asserted that his ex-wife and her lawyer "recruited Judge Aponte to issue 'a corrupt decision' on behalf of [the ex-wife],' thereby denying '[the plaintiff] his right to have the property distribution case heard before a neutral tribunal.'" *Id.* at 1236. The plaintiff sought money damages for "injury to his business and property as a result of the corrupt decision."

7

*Id.* The plaintiff argued that his claims were not barred because he did not request relief from an injury caused solely by a state court judgment but rather sought damages from third party actions. *Id.* at 1236–37. The court found the plaintiff's argument "unpersuasive" and "amount[ed] to filing a direct appeal of the state court judgment while simultaneously trying to 'call the appeal something else.'" *Id.* at 1237 (quoting *Behr*, 8 F.4th at 1211). The court explained that although the plaintiff did not expressly ask the court to overturn the state court judgment, he requested a finding that the judgment was a result of corruption, "which amounts to the same thing." *Id.* The court further explained that the plaintiff's due process claim sought relief from injuries caused by the state court judgment because the claim ultimately challenged the state court decision itself—the money awarded to the ex-wife by the Aponte decision—"and not the statute or law which underlies that decision." *Id.* The court concluded that the plaintiff's due process claim amounted to a "claim that the state court judgment itself caused him constitutional injury" and was therefore barred under *Rooker-Feldman*. *Id.* (quoting *Alvarez v. Att'y Gen. of Fla.*, 679 F.3d 1257, 1263 (11th Cir. 2012)).

After careful review, the Court finds that each of Bower's claims is barred under *Rooker-Feldman*. Beginning with the First Amendment claim, Bower asserts that Judge Reagan violated the Establishment Clause of the First Amendment by failing to maintain neutrality and allegedly "using a specific religious preference as a determinative factor" for the custody and relocation decision. (Doc. 1 at 2). Bower's complaint references specific factual findings in the Final Judgment of Divorce, which he claims are "arbitrary and unsupported" and amount to an unconstitutional endorsement of religion. (*Id.* at 3–4).

Moreover, he seeks an injunction prohibiting enforcement of the provisions of the Final Judgment of Divorce which permit Bower's ex-wife to relocate to Saudi Arabia with the minor child, and a declaratory judgment that "the relocation provisions of the state court order" violates the First Amendment. (*Id.* at 5).  Thus, it is plain that the First Amendment claim is a "claim that the state court judgment itself"—the custody and relocation decisions—"caused him constitutional injury." *See Efron*, 110 F.4th at 1237 (quoting *Alvarez*, 679 F.3d at 1263).  In other words, Bower raises the First Amendment claim so that this Court "can 'review and reject' the state court's child custody judgment," which would violate *Rooker-Feldman*. *See Behr*, 8 F.4th at 1213; *see also Tarver v. Tarver*, 2022 WL 4372439, at *2 (11th Cir. Sept. 22, 2022) (per curiam) (concluding that the plaintiff's claim was barred under *Rooker-Feldman* where he sought "declaratory and injunctive relief that would nullify the state court's judgment [in a divorce proceeding] that [his ex-wife] is to receive a portion of his disability benefits").[3]  Bower's First Amendment claim is comparable to the due process claim at issue in *Efron*, 110 F.4th at 1237, which the court found was prohibited under *Rooker-Feldman*, and it materially differs from the constitutional claims at issue in *Behr*, 8 F.4th at 1213, which the court found survived *Rooker-Feldman*.  Consequently, *Rooker-Feldman* bars Bower's First Amendment claim.

Bower next claims that the Final Judgment of Divorce violates his substantive due process rights by working a *de facto* termination of his parental rights.  He alleges that Judge Reagan did not find him to be an unfit parent, which is required before a parent's

---

[3] While the Court acknowledges that *Tarver* is nonprecedential, the Court finds it persuasive.

9

fundamental liberty interest may be infringed, and that the Final Judgment of Divorce "facilitates the abolition of parental rights" by permitting the minor child's relocation to Saudi Arabia and is "the functional equivalent of terminating parental rights without a finding of unfitness." (Doc. 1 at 3). Like the First Amendment claim, the substantive due process claim is a "claim that the state court judgment itself caused [Bower] constitutional injury." *See Efron*, 110 F.4th at 1237 (quoting *Alvarez*, 679 F.3d at 1263). And Bower seeks a declaratory judgment that the Final Judgment of Divorce's relocation provisions violate the Fourteenth Amendment, which would require the Court to effectively nullify those provisions. *See Behr*, 8 F.4th at 1213; *Tarver*, 2022 WL 4372439, at *2. Because resolution of the substantive due process claim would require this Court to review and reject the Final Judgment of Divorce, the claim is also barred under *Rooker-Feldman*.

Finally, Bower claims that the Final Judgment of Divorce violates his rights under the Procedural Due Process Clause and the Citizenship Clause "by sanctioning the forced, involuntary expatriation of a U.S. citizen minor without investigating the legal effect of the order." (Doc. 1 at 4). He further alleges that the Final Judgment of Divorce in this regard "constitutes immediate and irreparable injury." (*Id.*). Like the others, this claim is a "claim that the state court judgment itself caused [Bower] constitutional injury," the resolution of which would require the Court to review and reject the Final Judgment of Divorce. *See Efron*, 110 F.4th at 1237–38 (quoting *Alvarez*, 679 F.3d at 1263). Consequently, the Court finds that *Rooker-Feldman* bars this claim also.

To be sure, the Eleventh Circuit has cautioned that *Rooker-Feldman* "will almost never apply." *Behr*, 8 F.4th at 1212. "But almost is not never." *Efron*, 110 F.4th at 1235.

10

The Court has little trouble concluding that Bower's complaint "amounts to filing a direct appeal of [a] state court judgment while simultaneously trying to 'call the appeal something else.'" *See Efron*, 110 F.4th at 1237 (quoting *Behr*, 8 F.4th at 1211). For these reasons, the Court concludes that *Rooker-Feldman* bars Bower's claims, and his complaint is due to be dismissed without prejudice for lack of subject matter jurisdiction. As indicated above, the Court will afford Bower an opportunity to file an amended complaint which cures the jurisdictional defect.

### IV. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1. Bower's complaint (doc. 1) is DISMISSED without prejudice for lack of subject matter jurisdiction based on *Rooker-Feldman*;

2. The motion for temporary restraining order (doc. 2), motion for preliminary injunction (doc. 4), and motion for expedited review (doc. 8) are DENIED as moot;

3. **On or before December 17, 2025**, Bower may file an amended complaint which cures the jurisdictional defect set out in this Opinion.

DONE this 3rd day of December, 2025.

                                        /s/ Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE