IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN RAYMOND BOWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-938-ECM |
| | ) | [WO] |
| HENRY T. REAGAN, II, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

On November 26, 2025, *pro se* Plaintiff John Raymond Bower ("Bower" or "Plaintiff") filed this civil action against the Honorable Henry T. Reagan, II ("Judge Reagan"), in his official capacity as judge of the Circuit Court of Coffee County, Alabama, arising out of divorce and custody proceedings between Bower and his now-ex-wife and which involve their minor child, A.H.B. (the "minor child"). (Doc. 1).  On November 19, 2025, Judge Reagan entered a Final Judgment of Divorce awarding Bower and his ex-wife joint legal custody of the minor child and awarding the ex-wife sole physical custody. (Doc. 1-1 at 13).  Judge Reagan also determined that Bower's ex-wife should be permitted to relocate to Saudi Arabia with the minor child.

Bower's original complaint (doc. 1) sought to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Pursuant to 42 U.S.C. § 1983, Bower claimed that Judge Reagan's Final Judgment of Divorce violated the First and Fourteenth

Amendments to the United States Constitution. On December 3, 2025, this Court entered a Memorandum Opinion and Order ("Opinion") dismissing Bower's complaint without prejudice for lack of subject matter jurisdiction based on *Rooker-Feldman*.[1] (Doc. 12). The Court also granted Bower an opportunity to file an amended complaint, on or before December 17, 2025, which cured the jurisdictional defect set out in the Opinion. (*Id.* at 11).

Bower timely filed an amended complaint. (Doc. 14). After careful review, the Court finds that the amended complaint, like the original complaint, amounts to an appeal of a state court judgment, notwithstanding Bower's attempts to style his claims otherwise. *See Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021) ("[A]ppeals of state court judgments are barred under *Rooker-Feldman*, no matter how the claims are styled."). Consequently, the Court concludes that this case is due to be dismissed without prejudice for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

"[S]tate court litigants do not have a right of appeal in the lower federal courts," and thus the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Behr*, 8 F.4th at 1210–12 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). When claims are barred under *Rooker-Feldman*, the federal district court lacks subject matter jurisdiction over those claims because "federal district courts are

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

courts of original jurisdiction" and "generally cannot hear appeals." *Id.* at 1210. "[A]ppeals of state court judgments are barred under *Rooker-Feldman*, no matter how the claims are styled." *Id.* at 1211. "If the plaintiff's claim requires a district court to 'review' and 'reject' a state court judgment," then *Rooker-Feldman* bars the claim. *Efron v. Candelario*, 110 F.4th 1229, 1238 (11th Cir. 2024). This Court "follow[s] a claim-by-claim approach when determining whether *Rooker-Feldman* bars a plaintiff's claims from review in a federal district court." *Id.* at 1236; *see also Behr*, 8 F.4th at 1213 ("The question isn't whether the whole complaint seems to challenge a previous state court judgment, but whether resolution of each individual claim requires review and rejection of a state court judgment."). To decide whether *Rooker-Feldman* bars a claim, the Court must determine "whether the plaintiff seeks relief from an injury 'caused by the [state court] judgment itself' or whether he seeks damages for some independent source of injury." *Efron*, 110 F.4th at 1235–36 (quoting *Behr*, 8 F.4th at 1212). If the injury of which the plaintiff complains is the state court judgment itself, "then *Rooker-Feldman* applies." *Id.* at 1236.

### III. DISCUSSION

Bower's amended complaint—the operative complaint—again seeks to invoke federal question jurisdiction pursuant to § 1331 and asserts five claims pursuant to § 1983: a Fourteenth Amendment procedural due process claim, a Fourteenth Amendment substantive due process claim, a Fourteenth Amendment equal protection claim, a claim labeled "Unconstitutional Burden on the Right to Live and Raise a Child in the United States," and a claim labeled "Supremacy Clause / Limits on State Power." (Doc. 14 at 3–4). The Court will analyze the amended complaint claim-by-claim in further detail below.

3

In sum, Bower contends that "[t]he State's exercise of authority produced extrajudicial consequences that placed Plaintiff's federally protected parental rights beyond any forum of enforcement," and that his injuries "include loss of enforceable parental rights, unequal treatment between parents, exposure of a U.S.-citizen child to a legal regime that does not recognize United States parental rights, and the use of religious considerations in the exercise of governmental authority." (*Id.* at 3, paras. 18, 20). He further alleges that his injuries "arise from structural and jurisdictional effects of state authority, not from the correctness of any state-court judgment." (*Id.* at 3, para. 19). The amended complaint seeks declarations that Judge Reagan's "exercise of state authority under color of law produced independent constitutional injuries in violation of the First and Fourteenth Amendments," that "the State's structural permission of religious considerations in the exercise of governmental authority violates the Establishment Clause," and that "exposing federally protected parental rights to a foreign jurisdiction where they cannot be recognized or enforced exceeds the constitutional limits on state power." (*Id.* at 4).

After careful review, the Court finds that each of the claims in the amended complaint is barred under *Rooker-Feldman*. Starting with his procedural due process claim (Count I), Bower claims that Judge Reagan "exercised state authority under color of law in a manner that foreseeably resulted in the destruction of Plaintiff's enforceable parental rights without procedures adequate to protect a fundamental liberty interest." (*Id.* at 3, para. 22). The Court concludes that Bower's procedural due process claim is a "claim that the state court judgment itself"—the custody and relocation decisions—"caused him constitutional injury"—the alleged destruction of his parental rights without adequate

4

procedures to protect his interest. *See Efron*, 110 F.4th at 1237 (quoting *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1263 (11th Cir. 2012)).[2] Moreover, the declaratory relief Bower seeks—in particular, a declaration that "exposing federally protected parental rights to a foreign jurisdiction where they cannot be recognized or enforced exceeds the constitutional limits on state power"—would effectively nullify the state court judgment awarding custody to his ex-wife and permitting relocation to Saudi Arabi. *See Tarver v. Tarver*, 2022 WL 4372439, at *2 (11th Cir. Sept. 22, 2022) (per curiam) (concluding that the plaintiff's claim was barred under *Rooker-Feldman* where he sought "declaratory and injunctive relief that would nullify the state court's judgment [in a divorce proceeding] that [his ex-wife] is to receive a portion of his disability benefits").[3] Consequently, *Rooker-Feldman* bars Bower's procedural due process claim.

Turning to the substantive due process claim (Count II), Bower claims that the "State's exercise of authority exposed Plaintiff's fundamental parental rights to a foreign legal system where those rights are effectively unenforceable," and that "[t]he resulting destruction of Plaintiff's parent-child relationship is arbitrary, unreasonable, and exceeds the bounds of substantive due process." (Doc. 14 at 3, paras. 26–27). Again, the Court concludes that this claim is a "claim that the state court judgment itself caused him constitutional injury"—the purported destruction of the parent-child relationship. *See*

---

[2] Bower's allegation that the "procedural deficiencies produced ongoing extrajudicial constitutional injuries independent of any state-court judgment" does not change the Court's conclusion. (*See* doc. 14 at 3, para. 24). This allegation is a legal conclusion which the Court need not accept as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] While the Court acknowledges that *Tarver* is nonprecedential, the Court finds it persuasive.

*Efron*, 110 F.4th at 1237 (quoting *Alvarez*, 679 F.3d at 1263). And Bower seeks a declaration that "exposing federally protected parental rights to a foreign jurisdiction where they cannot be recognized or enforced exceeds the constitutional limits on state power," (doc. 14 at 4), which would require the Court to effectively nullify the state court's custody and relocation determinations, *see Tarver*, 2022 WL 4372439, at *2. Thus, the Court concludes that the substantive due process claim is also barred by *Rooker-Feldman*.

Bower's equal protection claim (Count III) fares no better. He alleges that the "State's actions created a disparity whereby the custodial parent retains enforceable authority abroad while Plaintiff retains none," and that "[t]his disparity burdens a fundamental right and lacks a constitutionally sufficient justification." (Doc. 14 at 4, paras. 29–30). Again, the injury of which Bower complains is the state court judgment awarding custody to his ex-wife and permitting relocation to Saudi Arabia. *See Efron*, 110 F.4th at 1237. Because resolving the equal protection claim would require this Court to review and reject the Final Judgment of Divorce, the claim is also barred under *Rooker-Feldman*.

In Count IV, Bower alleges that the "State's exercise of authority imposes an unconstitutional burden on Plaintiff's ability to live in the United States while maintaining a meaningful parent-child relationship," and that "[t]his burden arises from extrajudicial consequences created by state authority, not from private choice alone." (Doc. 14 at 4, paras. 32–33). Again, the source of Bower's claimed injury is the state court judgment awarding custody to his ex-wife and permitting relocation to Saudi Arabia. *See Efron*, 110 F.4th at 1237. Therefore, *Rooker-Feldman* also bars Count IV.

Finally, in Count V, Bower alleges that a state "lacks constitutional authority to project or extend its judicial power beyond the nation's borders so as to place federally protected rights into the control of a foreign sovereign where those rights cannot be recognized or enforced," and that "[b]y creating conditions in which Plaintiff's federal constitutional rights are rendered unenforceable by exposure to a foreign sovereign, the State exceeded constitutional limits imposed by the Supremacy Clause." (Doc. 14 at 4, paras. 35–36). Like the others, this claim is a "claim that the state court judgment itself caused [Bower] constitutional injury," the resolution of which would require the Court to review and reject the Final Judgment of Divorce. *See Efron*, 110 F.4th at 1237–38 (quoting *Alvarez*, 679 F.3d at 1263). Consequently, this claim is also barred by *Rooker-Feldman*.[4]

While the Eleventh Circuit has cautioned that *Rooker-Feldman* "will almost never apply," *Behr*, 8 F.4th at 1212, "almost is not never," *Efron*, 110 F.4th at 1235. The Court concludes that Bower's amended complaint "amounts to filing a direct appeal of [a] state court judgment while simultaneously trying to 'call the appeal something else.'" *See Efron*, 110 F.4th at 1237 (quoting *Behr*, 8 F.4th at 1211). For these reasons, the Court concludes

---

[4] Bower's amended complaint also references the First Amendment and the Establishment Clause. (*See, e.g.*, doc. 14 at 4 (seeking declarations that Judge Reagan's "exercise of state authority under color of law produced independent constitutional injuries in violation of the First and Fourteenth Amendments First and Fourteenth Amendments," and that "the State's structural permission of religious considerations in the exercise of governmental authority violates the Establishment Clause")). However, he does not clearly plead a separate First Amendment claim. To the extent Bower intended to bring a First Amendment claim, it is also barred by *Rooker-Feldman* because it would require the Court to "'review' and 'reject' a state court judgment." *See Efron*, 110 F.4th at 1238.

that *Rooker-Feldman* bars Bower's claims, and the amended complaint is due to be dismissed without prejudice for lack of subject matter jurisdiction.[5]

## IV.  CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED the amended complaint (doc. 14) is DISMISSED without prejudice for lack of subject matter jurisdiction based on *Rooker-Feldman*.  It is further

ORDERED that all pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 2nd day of February, 2026.

                                      /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    UNITED STATES DISTRICT JUDGE

---

[5] Bower did not request leave to further amend the complaint, and the Court declines to grant him leave *sua sponte* because amendment would be futile on this record. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).